IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

THOMAS E. PEREZ, Secretary of Labor, United
States Department of Labor,
                      Plaintiff,

-vs-                                          Case No. A-11-CA-469-SS

STATE OF TEXAS, TEXAS DEPARTMENT OF
FAMILY AND PROTECTIVE SERVICES,
CHILD PROTECTIVE SERVICES DIVISION,
                      Defendant.

## ORDER

BE IT REMEMBERED on the 8th day of May 2015, the Court held a hearing in the above-styled cause, and the parties appeared by and through counsel. Before the Court are Plaintiff's Motion for Protective Order [#110], and Defendant's Response [#111]; Plaintiff's Unopposed Motion for Leave to Amend Complaint [#114]; Plaintiff's Motion to Exclude Expert Testimony and Reports of Dr. Don Dillman and Abraham J. Wyner [#116]; the parties' Joint Motion for Trial Date Certain [#117]; Plaintiff's Unopposed Motion for Leave to Exceed Page Limitation [#118]; and Defendant's Motion to Exclude the Testimony of Nicole Sellers [#120]. Having reviewed the documents, the relevant law, the parties' argument at the hearing, and the file as a whole, the Court now enters the following opinion and orders.

I.    **Motion for Protective Order**

Plaintiff has filed an opposed motion for protective order. Specifically, Plaintiff moves to quash an item in Defendant's Rule 30(b)(6) deposition notice and bar the deposition of Michael

Speer, Director of the Oklahoma District Office of the Wage and Hour Division (WH). To address the motion, the Court briefly recounts some of th relevant background. This case originally sprung out of an investigation into potential FLSA violations regarding unpaid overtime in Defendant's El Paso office. As part of the investigation, attorneys in the Dallas Regional Office of the Solicitor, acting as WH's counsel, prepared a survey to be sent to Defendant's employees. WH mailed a total 7,397 surveys, and of the responses received, WH determined 846 indicated violations of the FLSA while 415 indicated no such violations. Plaintiff filed the current lawsuit in 2011 on behalf of those 846 employees (currently trimmed down to 808). As the parties negotiated a discovery plan, Plaintiff sought to depose all 846 employees while Defendant argued a small sample size would suffice. The Court ultimately limited discovery to a sample body of 140 current or former employees. *See* Order of Jan. 22, 2013 [#40].

According to Plaintiff, Defendant now seeks information concerning the preparation and analysis of the survey. As explained to the Court at the hearing, Speer was apparently a key figure in formulating the survey, analyzing the results, and determining which surveys indicated potential violations of the FLSA. In general terms, Plaintiff objects to Defendant's requested discovery because it contends the information is opinion attorney work product. While Speer is not himself an attorney, Plaintiff represents he worked at the direction and under the direct guidance of WH's counsel in the Office of the Solicitor. Plaintiff also argues it has already provided Defendant all factual and relevant information regarding the surveys and contends Defendant should not now be permitted to discovery revealing the mind of Plaintiff's counsel regarding a survey Plaintiff does not intend to use as evidence at trial and was not used to compute back wages.

Defendant wants to depose Speer to discover how the claimants in the lawsuit were selected. In Defendant's view, Plaintiff has yet to explain the common element or policy applicable to all 808 employees, but as far as Defendant can ascertain, the survey is one of the only potential options connecting these workers. Therefore, Defendant seeks discovery on the survey. Part of Defendant's strategy appears to be an attack on the credibility and reliability of the survey, and Defendant therefore wants to depose Speer on his process in executing the survey. Also, Defendant argues it is entitled to discovery to support its contention the Department of Labor violated its own "unbiased investigation" policies or otherwise erred in selecting the 846 purported claimants in this suit. Defendant believes a deposition of Speer would provide relevant information in support of that contention. According to Defendant, it seeks factual discovery of Speer related to his knowledge of the initial El Paso investigation, the polices relating to conducting unbiased investigations, and the selection of claimants from the surveys.

The Court fails to see how the deposition of Speer would be relevant or helpful. First, Plaintiff has already provided Defendants with unredacted copies of all of the surveys from the 140 representative sample employees. In addition, the parties have conducted depositions of all 140 representative sample employees, and Defendant was present at all of them for cross-examination. Finally, Plaintiff will not even be introducing the surveys as evidence at trial. If there is no common element or policy binding the employees as Defendant contends, Defendant should be able to illustrate that point based on the actual facts. Analyzing why Speer may have selected these particular surveys as reflecting potential violations at the outset is not relevant at this stage of the litigation.

Therefore, the Court GRANTS Plaintiff's Motion for Protective Order, and Plaintiff is not required to produce a designated representative for deposition or otherwise respond to Item 1 in Defendant's Rule 30(b)(6) deposition notice regarding the "crafting, drafting, revision, and approval for use of the surveys sent to employees of [DFPS]" nor is Plaintiff required to produce Michael Speer for deposition in this matter.

## II.    Motion to Exclude Expert Testimony and Reports

As explained at the hearing, the Court dismisses Plaintiff's *Daubert* motion without prejudice to re-urging at trial. After the hearing, Defendant filed its own *Daubert* motion, which the Court also dismisses without prejudice to re-urging at trial. As is this Court's practice, it does not rule on *Daubert* motions on paper and in the abstract but rather waits until trial when the admissibility of the witnesses' testimony can be assessed in context. As a reminder, this Court tries civil cases on the clock, and if the Court ultimately denies a motion to exclude an expert witness, the time spent examining the disputed witness will be docked against the moving party.

## III.    Motion for Trial Date Certain

As explained at the hearing, the Court's busy docket simply does not permit any promises regarding a certain date for trial. The parties are set for trial in the month of August, and as the Court sits here today, it cannot predict how either the criminal or civil dockets will unfold over the next three months. As August approaches, the Court will hold a pretrial conference in addition to docket call on July 31. With any luck, the Court will be able to give the parties' its best guess as to when exactly the trial will occur and how long each side will have to litigate their case at the pretrial conference and certainly by docket call. In the meantime, the parties must proceed to prepare their cases to be ready for trial as soon as Monday, August 3. While the Court appreciates the parties'

concern regarding the complexity and importance of this lawsuit, it simply is not in a position to give the parties the certainty they seek. The Joint Motion for Trial Date Certain is DENIED.

Accordingly,

IT IS ORDERED that Plaintiff's Motion for Protective Order [#110] is DENIED, and Plaintiff is not required to produce a designated representative for deposition or otherwise respond to Item 1 in Defendant's Rule 30(b)(6) deposition notice regarding the "crafting, drafting, revision, and approval for use of the surveys sent to employees of [DFPS]" nor is Plaintiff required to produce Michael Speer for deposition in this matter;

IT IS FURTHER ORDERED that Plaintiff's Unopposed Motion for Leave to Amend Complaint [#114] is GRANTED;

IT IS FURTHER ORDERED that Plaintiff's Motion to Exclude Expert Testimony and Reports of Dr. Don Dillman and Abraham J. Wyner [#116] is DISMISSED WITHOUT PREJUDICE to re-urging at trial;

IT IS FURTHER ORDERED that the parties' Joint Motion for Trial Date Certain [#117] is DENIED;

IT IS FURTHER ORDERED that Plaintiff's Unopposed Motion for Leave to Exceed Page Limitation [#118] is GRANTED; and

IT IS FINALLY ORDERED that Defendant's Motion to Exclude the Testimony of Nicole Sellers [#120] is DISMISSED WITHOUT PREJUDICE to re-urging at trial.

SIGNED this the 11th day of May 2015.

SAM SPARKS
UNITED STATES DISTRICT JUDGE